Henry & Scheible Co: v. Furnace Co.


## ATTACHMENT—ERROR—JUSTICE OF THE PEACE.

[Cuyahoga (8th) Circuit Court, June 8, 1908.]

Winch, Henry and Marvin, JJ.

HENRY & SCHEIBLE CO. v. COLLINWOOD FURNACE CO.

DISCHARGING ATTACHMENT AND REMANDING CAUSE TO J. P. UPON ERROR TO
REFUSAL TO DISCHARGE ATTACHMENT, HELD IMPROPER PROCEDURE.
   Section 6733 Rev. Stat., requiring the common pleas upon reversal of a
   judgment of a justice of the peace to retain the cause of action for trial
   and final judgment as upon appeal, applies to error proceedings under
   Sec. 6524 Rev. Stat., predicated on an order overruling a motion to dis-
   charge an attachment.

[Proof of this decision and syllabus has been submitted to Judge Winch
and corrected.—Ed.]

ERROR to Cuyahoga common pleas court.

**Tracy, Caldwell & Younger,** for plaintiff in error.
**C. B. Robinson,** for defendant in error:

## WINCH, J.

Plaintiff in error sued defendant in error before a justice of the
peace and caused an attachment to be issued against the defendant's
property.

The defendant moved to discharge the attachment, and his motion
being overruled, filed a petition in error in the common pleas court to
reverse said ruling, under favor of Sec. 6524 Rev. Stat.

The common pleas court reversed the ruling of the justice of the
peace and discharged the attachment, without retaining the case for
trial and final judgment, as in cases of appeal, as provided in Sec. 6733,
Rev. Stat.

We think this was error. Section 6726 Rev. Stat, pro-
vides, that "When a judgment or final order is reversed either in whole
or in part, in the common pleas court, the circuit court, or the Supreme
Court, the court reversing the same shall proceed to render such judg-
ment as the court below should have rendered, or remand the cause
to the court below for such judgment," but the last clause in the section
reads: "but this section shall not apply to judgments of justices of
the peace".

There is no other statute authorizing the common pleas court, upon
reversing the judgment of a justice of the peace, to either render the

judgment the justice should have rendered or to remand the cause to the justice for further proceedings, so we hold that Sec. 6733 Rev. Stat. applies to error predicated to a ruling on a motion to discharge an attachment the same as to error proceedings generally, from a justice of the peace. This conclusion finds some support in the cases of *Bradley* v. *Wacker*, 7 Circ. Dec. 565 (13 R. 530) and *Tombow* v. *Haskins*, 8 Circ. Dec. 281 (15 R. 656).

Evidently the point here made was not called to the attention of the court in the cases of *Hoyman* v. *Beverstock*, 4 Circ. Dec. 491 (8 R. 473), and *Seville* v. *Wagner*, 46 Ohio St. 52 [18 N. E. Rep. 430].

For error in rendering final judgment instead of retaining the case for trial, as upon appeal, that part of the judgment of the common pleas court is reversed and the cause remanded to that court for further proceedings.

**Henry** and **Marvin, JJ.**, concur.